Filed 12/13/24  S.M. v. Superior Court CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| S. M., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, SOCORRO M., <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF LOS ANGELES COUNTY, <br><br> Respondent; <br><br> LOS ANGELES UNIFIED SCHOOL DISTRICT, <br><br> Real Party in Interest. | B337359 <br><br> (Los Angeles County Super. Ct. No. BC704733) |

ORIGINAL PROCEEDINGS in mandate.  Richard L. Fruin, Jr., Judge.  Petition granted.

Masry Law Firm and Louanne Masry; The Simon Law Group, Robert T. Simon, and Travis E. Davis; Esner, Chang, Boyer & Murphy, Stuart B. Esner, and Holly N. Boyer for Petitioner.

No appearance for Respondent.

Vanderford & Ruiz, Rodolfo F. Ruiz, and Erin E. Uyeshima for Real Party in Interest.

———————————————

Petitioner S.M., by and through her mother and guardian ad litem So. M., filed a lawsuit against the Los Angeles Unified School District (LAUSD) and Joshua Estrada (Estrada). The lawsuit alleges that Estrada, an LAUSD employee, sexually abused S.M. and that LAUSD was also liable for the abuse. Before trial, LAUSD filed a motion in limine seeking to introduce evidence that S.M. was sexually assaulted by her sister's former boyfriend, Estevan Vasquez (Vasquez), years after the claimed sexual abuse by Estrada. The trial court granted the motion and outlined the questions concerning the later Vasquez assault that could be asked during trial. S.M. then petitioned for a writ of mandate challenging the court's pre-trial ruling, we summarily denied the petition, and our Supreme Court granted review and returned the matter to us with directions to vacate the summary denial and issue an order to show cause why the mandate petition should not be granted. We did so and we now consider, with the benefit of full briefing and oral argument, what extraordinary relief is warranted at this stage of the proceedings.

2

# I. BACKGROUND

S.M.'s operative complaint alleges, as relevant for our purposes, two causes of action: a claim for sexual abuse of a minor against Estrada and a claim for negligence against LAUSD. S.M. generally alleges Estrada (then age 24) sexually abused her (then age 14) in November and December 2016 when he was working as a special education teacher's assistant at her middle school.[1] She asserts that, "[a]s a direct and legal result of the acts and omissions" of LAUSD and Estrada, she suffered "physical and emotional injuries and other harm," including "severe emotional distress."

In December 2021, LAUSD filed a motion in limine seeking to present evidence that S.M. was sexually assaulted by Vasquez in late 2018 or early 2019—in either case, years after she was allegedly sexually abused by Estrada. LAUSD argued the evidence would be offered to impeach S.M.'s "likely claim" that all of her claimed emotional distress and some or all of her asserted damages were caused by Estrada's earlier abuse. In LAUSD's view, the evidence of the Vasquez assault was "highly and directly relevant to whether [S.M.'s] emotional distress was caused solely by . . . Estrada's conduct (for which [LAUSD] is to be held responsible) or caused by a combination of . . . Estrada's conduct and the 2018 / 2019 rape [by Vasquez] because both incidents involve the same injury." Pursuant to provisions of the Evidence Code governing a request to admit evidence of the sexual conduct of a plaintiff to challenge the plaintiff's credibility,

---

[1] S.M. alleges on information and belief that Estrada suffered a criminal conviction for "child molestation" in connection with his "sexual abuse and molestation" of her.

LAUSD also made an offer of proof with its motion and asked the trial court to convene a hearing to permit examination of S.M. (Evid. Code, § 783.[2])

S.M. opposed LAUSD's motion in limine and argued evidence of the Vasquez sexual assault was inadmissible under sections 1106 and 352.[3]  In S.M.'s view, LAUSD was improperly

---

[2]     "[I]f evidence of sexual conduct of the plaintiff is offered to attack credibility of the plaintiff under Section 780" in a civil action alleging sexual assault, the defendant must make a motion accompanied by an affidavit stating "an offer of proof of the relevancy of evidence of the sexual conduct of the plaintiff proposed to be presented."  (Evid. Code, § 783, subds. (a), (b).)  If the offer of proof is found sufficient, the court shall order a hearing at which it will "allow the questioning of the plaintiff regarding the offer of proof made by the defendant."  (Evid. Code, § 783, subd. (c).)  "At the conclusion of the hearing, if the court finds that evidence proposed to be offered by the defendant regarding the sexual conduct of the plaintiff is relevant pursuant to [Evidence Code s]ection 780, and is not inadmissible pursuant to [Evidence Code s]ection 352, the court may make an order stating what evidence may be introduced by the defendant, and the nature of the questions to be permitted."  (Evid. Code, § 783, subd. (d).)

Undesignated statutory references that follow are to the Evidence Code.

[3]     As we discuss *post*, the Legislature has recently amended section 1106, effective January 1, 2025.  As the statute exists now and at the time of the trial court proceedings we describe, it deems evidence of a plaintiff's sexual conduct inadmissible in a civil action alleging sexual assault—but it provides this limitation does not "make inadmissible any evidence offered to

4

attempting to introduce the evidence "to somehow argue that because [she] was later abused by another person . . . [she] suffered little or no harm from . . . Estrada." S.M. additionally contended no sufficient offer of proof had been made pursuant to section 783 because she did not intend to argue that her claimed emotional distress and damages were "attributable to the school sexual assaults but not the subsequent rape." As S.M. put it (in terms that appeared to concede at least to some degree the relevancy of the Vasquez sexual assault to assessing damages), evidence of the Vasquez assault could not be impeaching because she "does not blame all of her life's traumas on the school sexual assaults"; she "never testified that the rape did not occur, nor that the rape did not harm her" (emphasis omitted); and if a witness were permitted to testify that S.M.'s trauma was "attributable to the school sexual assaults but not the subsequent rape," "expert witnesses in the field of psychology would testify that one *cannot* separate the trauma from the distinct incidents."

In reply, LAUSD argued evidence of the Vasquez sexual assault should be admitted because S.M. "has put her current psychological condition at issue and is not limiting her claimed injury to the time period before the second sexual assault." To meet her burden of proof at trial, LAUSD argued, S.M. must demonstrate that Estrada's sexual abuse was "a substantial factor in causing her claimed psychological injuries." LAUSD

---

attack the credibility of the plaintiff as provided in [s]ection 783." (§ 1106, subds. (a), (e).)

Section 352 gives courts discretion to exclude evidence that is unduly prejudicial, that will unduly consume time, or that will risk confusing the issues or misleading the jury.

asserted it would need to use the proposed evidence to undercut such an argument.

Before the trial court ruled on LAUSD's request for a section 783 hearing, our Supreme Court decided *Doe v. Superior Court* (2023) 15 Cal.5th 40, a case with a similar factual background to ours that holds evidence of a second, subsequent sexual assault may be admissible to challenge the credibility of a plaintiff's contentions regarding the cause of emotional distress and apportionment of damages if a trial court follows the section 783 procedures and conducts an "especially careful review . . . under section 352." (*Id.* at 47; see also *id.* at 57, 68, 71.) The parties filed supplemental briefs discussing *Doe* and their positions were unsurprising: LAUSD argued it supported admitting evidence of the sexual assault by Vasquez and S.M. argued *Doe* required exclusion of the evidence. LAUSD also filed a proposed list of questions to ask witnesses (including S.M., her mother, her therapists, her sister, and Vasquez himself) at a section 783 hearing, if scheduled.

After hearing from counsel at an October 2023 hearing, the trial court concluded it should hold the evidence admissibility hearing contemplated by section 783 and the *Doe* decision notwithstanding S.M.'s request that the court deem the evidence of the Vasquez sexual assault inadmissible without such a hearing. The court found LAUSD's offer of proof concerning the Vasquez sexual assault was relevant to S.M.'s "credibility (under section 780[, the general impeachment statute]) as to whether her emotional injuries as alleged in her complaint derive exclusively from" the earlier alleged Estrada sexual assault. The court therefore set a section 783 hearing to consider testimony and determine what evidence concerning the Vasquez assault

6

could be received at trial consistent with the dictates of sections 1106 and 352.  The trial court also suggested the parties should confer regarding stipulations that may avert the need for "evidence about the extent and nature of the 2019 sexual assault, any emotional distress injuries allegedly caused thereby, and any medical treatment received by [S.M.] as a result thereof."

At the scheduled hearing to consider the procedures detailed by section 783 and *Doe*, held in February 2024, the court concluded it did not need to hear testimony because there was no evidentiary dispute that S.M. was assaulted by Vasquez and that S.M. suffered emotional distress as a result of that assault (too).[4] The court also directed the parties to meet and confer to see if a stipulation could be reached concerning admission of evidence "concerning the 2018-19 sexual assaults . . . , the emotional damage caused by those assaults, and the medical treatment received."  Absent a stipulation, the court stated it would hold a further hearing to decide whether and what evidence should be excluded pursuant to section 352.

The parties did not reach a stipulation.[5]  Prior to the contemplated section 352 hearing, the trial court invited LAUSD to submit a proposal detailing how information about the Vasquez sexual assault should be put before the jury without risking an appellate reversal and retrial.  The court tentatively

---

[4]     Among other things, the court pointed to interrogatory responses verified by S.M.'s guardian ad litem.

[5]     Counsel for LAUSD represented to the court that he proposed a stipulation to certain matters but counsel for S.M. declined to "stipulate to anything—I guess for purposes of appeal."

7

opined that admitting evidence of that assault would require "some description" of the nature of the assault, whether it happened more than once, the period of time over which the assaults happened, and what effect it had on S.M.

As directed, LAUSD submitted a proposed order detailing the evidence it believed should be admitted at trial concerning the Vasquez sexual assault. The proposed order detailed questions that could be asked of six categories of witnesses: S.M., S.M's guardian ad litem, S.M.'s sister, S.M.'s therapist, a police detective who investigated the Vasquez sexual assault, and the parties' respective psychological experts. Among the various proffered questions that would be allowed were (1) questions to S.M., her guardian ad litem, and her sister about the frequency and duration of the "rapes and/or sexual assaults" committed by Vasquez and her psychological complaints and participation in therapy as the result of the same; (2) questions to S.M.'s guardian ad litem and sister about "grooming" by Vasquez before he committed the assaults; (3) questions to S.M.'s therapist and S.M.'s sister about S.M.'s reasons for seeking treatment and whether she reported Vasquez's assault(s) as a "stressor"; (4) questions to the investigative detective about what S.M. told him concerning grooming and assaults committed by Vasquez; (5) questions to S.M.'s sister about whether Vasquez was jailed in connection with her abuse of S.M.; and (6) questions to psychological expert witnesses about any of the testimony on the aforementioned topics. LAUSD's proposed order further provided that the parties would be precluded from questioning witnesses "about the specific sexual acts committed" by Vasquez.

A week later, on April 24, 2024, the trial court held the hearing scheduled to consider any necessary section 352

8

limitations on presentation of evidence of the Vasquez sexual assault. The court indicated it had reviewed LAUSD's proposed order on the evidence that would be admitted and again inquired as to whether any stipulation between the parties could be reached in lieu of testimony concerning the Vasquez sexual assault. Plaintiff declined to stipulate. Without discussing on the record the particulars of the section 352 analysis it was undertaking, the court then reiterated its view that some evidence of the Vasquez assault was admissible on credibility grounds and commented, "I think in my order I have to say that, in effect, I'm dealing with hypotheticals because I don't know exactly what the evidence is going to be, but presuming the evidence was this and thus, then I would think the cross-examination on the issue of damages for emotional distress or the extent of injury for emotional distress would be able to raise the issue as to whether or not [S.M.] believes any of her emotional distress stems from something else."

In a subsequently issued written ruling,[6] the trial court recognized S.M.'s case was factually similar to *Doe* and acknowledged *Doe* required a preliminary analysis of the admissibility of evidence of a subsequent sexual assault under sections 1106 and 783. After quoting the text of section 352, the court then found as follows: "The Court, having weighed all the information provided about this case, finds that evidence of the 2019 [Vasquez] sexual assaults perpetrated against [S.M.] has significant probative value on the damage issues to be proved by plaintiff, namely, the causation for emotional injury and damages

---

[6]     The ruling covered both LAUSD's motion in limine and a similar competing motion in limine filed by S.M.

9

for emotional injury. The admission of such evidence substantially outweighs any argument that its admission would cause undue prejudice, confuse the issues or mislead . . . the jury. The Court's conclusion is that LAUSD cannot obtain a fair trial on the issues of causation and damages without permitting the jury to consider the evidence of the 2019 sexual assaults."

In addition, the court's ruling detailed the evidence that would be admitted and the sources by which it would be admitted, which was principally to be the testimony of the detective investigating the Vasquez sexual assault but could also include questioning of S.M.'s mother and sister and cross-examination of S.M. herself on her emotional reactions to the Vasquez assault. The trial court noted it would sign the proposed order LAUSD submitted (which it did), but the court emphasized it "intends to actively oversee . . . LAUSD's examination of plaintiff" and would have other witnesses testify to the "specifics" of the Vasquez assault to avoid further distress to S.M.

## II. DISCUSSION

The trial court in many respects complied with the rather complex procedures required by the pertinent statutes, sections 783 and 1106, and our Supreme Court's decision in *Doe, supra,* 15 Cal.4th 40. It also remains true, as we said in our summary denial order before our Supreme Court directed us to issue an order to show cause, that it is frequently difficult to delineate in a vacuum precise and immutable boundaries on what evidence is properly admissible and that, for this reason, rulings on motions in limine are not binding on a trial court later during trial.

10

(*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1174; *People v. Karis* (1988) 46 Cal.3d 612, 634, fn. 16.)

Nevertheless, the record indicates the trial court's compliance with *Doe* in particular fell short in one necessary respect: by all appearances, the court did not undertake the requisite "broader section 352 inquiry [*Doe* requires as] compared with the garden-variety weighing contemplated under that statute in isolation," an inquiry that considers a "different kind of prejudice: that suffered by *complainants* who may experience harassment and intimidation related to . . . potential introduction of evidence concerning[ ] specific events in their private lives." (*Doe*, *supra*, 15 Cal.5th at 70; see also *id.* at 70-71 ["when balancing the probative and prejudicial value of sexual conduct evidence, trial courts should consider allowing only limited, minimally invasive questioning—or permitting the parties to stipulate to facts concerning the sexual conduct"].) Vacatur of the trial court's motion in limine ruling and a remand with directions to conduct the section 352 analysis *Doe* requires is necessary for this reason.

We are also mindful, however, that the Legislature has very recently amended section 1106 in apparent response to our Supreme Court's decision in *Doe* (Stats. 2024, ch. 993, § 1; see also, e.g., Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1386 (2023-2024 Reg. Sess.), Mar. 19, 2024, pp. 1, 5-6).[7] In several

---

[7]     As amended, section 1106, subdivision (a) now specifically prohibits introducing evidence of sexual assault conduct to (among other things) "[a]ttack the credibility of the plaintiff's testimony on . . . the absence of injury suffered by the plaintiff." And section 1106, subdivision (e) now provides a narrower exception to the prohibition in subdivision (a)—one that applies

respects, the amendments may prove significant to this case. (See, e.g., *Doe*, *supra*, 15 Cal.5th at 62-63, 65.) Although the amendments do not take effect until January 1, 2025, they will be effective before this opinion is final and before any trial of this action proceeds. Because a remand would be independently required in any event, the trial court should have the first opportunity to evaluate the effect of the amendments to section 1106 on its evidentiary determinations. Our disposition is fashioned accordingly.

DISPOSITION

The trial court's April 29, 2024, order is vacated and the cause is remanded for further proceedings consistent with this opinion. Specifically, on remand, the trial court shall consider whether section 1106 as recently amended permits introduction of any evidence of the Vasquez sexual assault conduct (stipulated or otherwise). If the court concludes any such evidence is not rendered inadmissible by section 1106 as amended, the court shall conduct a section 352 analysis as described in *Doe*, *supra*, 15 Cal.4th at pages 68-71 and determine, pursuant to section 783, subdivision (d), what, if any, stipulated facts or "limited, minimally invasive questioning" should be allowed at trial. In implementing these directions, the trial court is not prohibited from considering whether to bifurcate trial such that the issue of damages (and/or the issue of causation) is tried after all the other

to the "credibility of the plaintiff's testimony" (not the "credibility of the plaintiff" as before) and that adds a qualification so the exception permitting admissibility of certain evidence to attack credibility does not extend to a plaintiff's testimony concerning "consent or absence of injury." (Stats. 2024, ch. 993, § 1.)

issues in the case.  The stay previously entered by our Supreme Court is dissolved.  S.M. is awarded costs in this proceeding.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, Acting P. J.

We concur:

MOOR, J.

KIM (D.), J.